UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| JOHN GLOVER, | ) | CASE NO. 5:05 CV 2128 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CHUCK TURNER, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On September 6, 2005, pro se plaintiff John Glover filed this in forma pauperis action against defendant Chuck Turner, Plant Supervisor at Specialty Corporation.[1]  Mr. Glover alleges Mr. Turner discriminated against him based on race while he was employed at Specialty. For the reasons set forth below, this complaint is dismissed.

*Background*

The complaint is two paragraphs, totaling eight lines. Mr. Glover alleges he was discriminated against because he is African-American. He claims that his supervisor, Chuck Turner, alleged that he "kicked a machine," a fact Mr. Glover disputes. Mr. Glover advises that

---

[1] An attachment to the complaint also identifies the company as: "Specialty Lubricants Corp."

"[t]hey [Specialty] should have security in the workplace if they feel that an angry worker will try to cause trouble."  (Compl. at 1.)

Without providing any dates, plaintiff claims he was advised by "the van driver" that Mr. Turner did not want him "to return back to work." When the driver asked Mr. Turner why Mr. Glover could not return to work, Mr. Turner allegedly failed to provide an explanation.  Later, Mr. Turner allegedly "said in a letter, 'he has several reason [sic] for me, John Glover, not doing my work in the correct manner.' But those reason [sic] were never mentioned to me." (Compl. at 1.) In fact, Mr. Glover admits that "if I was late from break, he [Mr. Turner] didn't say anything to me about me being late."  (Compl. at 1.)

Mr. Glover spoke with a co-worker who advised that he and other co-workers had problems with Mr. Turner in the past.  Neither the race of plaintiff's co-workers nor the nature of their problems with Mr. Turner are explained in the complaint.

A copy of a Notice of Right to Sue issued to Mr. Glover by the Equal Employment Opportunity Commission (E.E.O.C.) on July 20, 2005 is attached to the complaint.  The E.E.O.C. closed its file on Mr. Glover's charges because it adopted the findings of the local agency that investigated his complaint.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

### *Title VII Employment Discrimination*

The Supreme Court has clarified that, at the pleading stage, a plaintiff is not required to allege facts to support a prima facie case of discrimination. Swierkiewicz v. Sorema, 534 U.S. 506, 510-11 (2002)(employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas [ v. Green, 411 U.S. 792 (1973)] framework). This holding did not, however, eliminate the basic tenets of notice pleading.

Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a). Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief. See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692,

---

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

It is well-settled that Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). However, beyond a statement that he is an African American, Mr. Glover does not allege any facts that suggest that he was fired because of his race. Rather he admits that he was never reprimanded even when he was late, which only suggests justification that he was fired for cause and not a discriminatory purpose. Further, the fact that other employees "had problems" with Mr. Turner does not bring this matter within the ambit of Title VII protection.

Beyond the insufficiency of the allegations in his complaint, Mr. Glover has not named his "employer" in this action. Title VII specifies that an "employer" is prohibited from discriminating against an individual based on his or her protected status. Numerous courts, including the Sixth Circuit, have held that supervisors, sued in their individual capacities, are not included within the statutory definition of "employer" under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination. See Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir.1997) (finding that individual liability is prohibited under Title VII); Pritchard v. Southern Co. Servs., 102 F.3d 1118, 1119 (11th Cir.1996), cert.denied, 520 U.S. 1274 (1997) (finding no personal liability for supervisors under either the Rehabilitation Act or the ADA); Smith v. Lomax, 45 F.3d 402, 403 (11th Cir.1995) (recognizing that supervisors, as

employees, cannot be held individually liable under the ADEA or Title VII); <u>EEOC v. AIC Sec. Investigations, Ltd.</u>, 55 F.3d 1276, 1279-81 (7th Cir.1995) (collecting cases and finding that the ADA does not impose individual liability). Therefore, Mr. Glover may not bring suit against his supervisor under Title VII.

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. §1915(e). Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


Dated: November 7, 2005                    <i>s/ James S. Gwin</i>
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[3]28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.